FILED
United States Court of Appeals
Tenth Circuit

September 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROGELIO AMADA LAMAS,

    Defendant - Appellant.

No. 18-3028
(D.C. Nos. 2:16-CV-02139-CM &
2:12-CR-20119-CM-2)
(D. Kan.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Defendant Rogelio Amada Lamas seeks to appeal from the district court's partial denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. In order to appeal from the district court's decision, Lamas must first obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B). For the reasons outlined below, we deny a COA and dismiss this matter.

I

On September 6, 2012, a federal grand jury indicted Lamas on three drug-related counts: conspiracy to distribute and possess with intent to distribute methamphetamine; distribution of methamphetamine; and possession with intent to distribute

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

methamphetamine. Following the indictment, Lamas and the government entered into plea negotiations. On October 31, 2012, the government proposed a plea agreement with a plea-entry deadline of December 3, 2012. Lamas did not accept this agreement. On February 27, 2013, the government proposed a second plea agreement with a plea-entry deadline of March 8, 2013. Lamas did not accept the agreement by the plea-entry deadline. In both of these unaccepted plea agreements, the government stated that it would (a) recommend that Lamas receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (b) if Lamas's offense level was 16 or greater, it would at the time of sentencing move for Lamas to receive an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

On September 11, 2013, Lamas accepted a third proposed plea agreement and pleaded guilty to the conspiracy count alleged in the indictment. In exchange for his plea, the government agreed to recommend that Lamas receive a two-level reduction to his applicable offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and a sentence within the advisory Guidelines sentencing range. Unlike in the first two proposed plea agreements, however, the government did not agree to recommend an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).

At sentencing, the district court calculated Lamas's total offense level, in part, by applying a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). It did not, however, apply an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b). The district court settled on a total offense level of 39, a criminal history category of II, and a resulting advisory Guidelines sentencing range of 292 to 365

2

months.  Ultimately, the district court, in response to a motion filed by the government pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, varied downward from the advisory Guidelines sentencing range and imposed a 204-month term of imprisonment.

On March 3, 2016, Lamas filed a *pro se* § 2255 motion alleging three distinct claims of ineffective assistance of counsel.  Specifically, Lamas claimed that his trial counsel failed to properly advise him regarding: (1) the option to plead guilty without a plea agreement; (2) the time deadlines for agreeing to a proposed plea deal; and (3) the impact and significance of relevant conduct for purposes of sentencing, and the drug table calculations that would have resulted from the first two proposed plea agreements.  The gist of all three claims was that, had Lamas been properly advised by defense counsel, he would have accepted one of the first two plea agreements and, in turn, would have received a lower total offense level, a lower advisory Guidelines sentencing range, and, ultimately, a sentence of 185 months rather than 204 months.  Lamas simultaneously filed a supplement to his § 2255 motion claiming that his trial counsel was also ineffective for failing to make proper objections and arguments at the sentencing proceeding that would have resulted in a lower total offense level.

On May 17, 2017, the district court issued a memorandum and order denying Lamas's § 2255 motion in part and taking one claim under advisement.  With respect to Lamas's claim that his trial counsel was ineffective for failing to advise him to enter a guilty plea without benefit of a plea agreement, the district court noted that "[t]he government recommendation for another one-level reduction" for acceptance of responsibility "was contingent upon [Lamas's] timely acceptance of its plea offer in

3

general, not the type of guilty plea," and that, consequently, Lamas could not "show a reasonable probability that a different outcome was likely had he pleaded guilty without an agreement." ROA, Vol. 1 at 432–33. With respect to Lamas's claim that trial counsel failed to properly explain relevant conduct and the likely drug table calculations, the district court concluded that Lamas could not "show prejudice" because "[t]here [wa]s no evidence in the record that [he] rejected a more favorable plea offer with respect to relevant conduct and drug quantity." Id. at 435. As for Lamas's claim that trial counsel was ineffective for failing to make proper objections and arguments at the sentencing hearing, the district court concluded the claim was "contrary to the record," noting that trial counsel made the precise objections and arguments at sentencing that Lamas complains he failed to make. Id. at 436. Finally, with respect to Lamas's claim that trial counsel was ineffective for failing to advise him of the time deadlines for agreeing to the government's first two proposed plea agreements, the district court concluded that an evidentiary hearing was necessary to resolve the claim. Id. at 435.

The district court held an evidentiary hearing on August 2, 2017. On February 7, 2018, the district court issued a memorandum and order finding that trial counsel "did not sufficiently advise [Lamas] about the deadline to earn the third-level acceptance-of-responsibility reduction under the" government's second proposed plea agreement. Id. at 442. The district court further found that "[h]ad [Lamas] known he was required to plead guilty by a certain date to earn the third-level acceptance-of-responsibility reduction, he would have done so." Id. The district court also found "that the government would have recommended the additional reduction had [Lamas] entered his guilty plea at an earlier

4

date," and that "the court would have [in turn] sentenced [Lamas] to a lesser sentence." Id. Consequently, the district court granted Lamas's § 2255 motion as to this specific claim of ineffective assistance of counsel, ordered that Lamas's original sentence be vacated, and resentenced Lamas to a term of imprisonment of 183 months.

An amended judgment was entered in the case on February 20, 2018. Lamas filed a notice of appeal on February 26, 2018.

On March 13, 2018, this court issued an order directing a limited remand to the district court to consider whether to issue a COA. On March 22, 2018, the district court issued an order declining to issue a COA.

Lamas has since filed an application for COA with this court.

II

To obtain a COA from this court, Lamas must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quotation marks omitted). In other words, he must show that the district court's resolution was either "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We decide whether Lamas has made this showing by "a preliminary, though not definitive, consideration" of the merits of the issues on which he seeks a COA. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

Lamas seeks in his application for COA to assert three distinct claims on appeal. First, Lamas argues that the district court, at the original sentencing hearing,

miscalculated the amount of drugs attributable to Lamas.  Lamas in turn argues that the district court continued this error by resentencing Lamas based on the same drug quantity calculations.  In light of this error, Lamas argues that the district court should have, in resentencing him, applied a total offense level of 36 rather than 38.  Second, Lamas argues that the district court violated 18 U.S.C. § 3553(a)(6) by imposing a greater sentence on him than on the leader of the conspiracy.  Third, Lamas argues that his "post-sentecing [sic] conduct and rehabilitation" should have been "considered [by the district court at resentencing] as provided by Pepper v. United States, 562 U.S. 476 (2010)." App. at 4.

The fatal problem for Lamas is that none of these claims were asserted in his § 2255 motion or, consequently, addressed by the district court.  Lamas therefore is not entitled to a COA on any of these claims.

The application for COA is DENIED and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge